UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| FATIR MU'MIN MUHAMMAD, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-234-HAB-SLC |
| DAVID GLADIEUX, et al., | |
| Defendants. | |

OPINION AND ORDER

Fatir Mu'min Muhammad, a prisoner without a lawyer, filed a complaint against Sheriff David Gladieux, Chaplain Tim Dettmer, and Jail Commander David Butler. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Muhammad alleges that he is a practicing Muslim housed at the Allen County Jail. The jail offers both kosher and halal meals to accommodate the religious beliefs of inmates. Muhammad asked Chaplain Dettmer to explain the difference between the kosher and halal meals. In response, he was told that, as a practicing Muslim, the jail's rules permit Muhammad to request a halal meal, but he cannot request a kosher meal

because inmates are required to choose the diet that goes with the faith they practice. He was also told that, once Chaplain Dettmer approved Muhammad for a halal diet, the diet would not be changed back to a regular diet so long as he remains incarcerated at the jail. The halal meal is a vegetarian diet. Muhammad's beliefs permit him to eat meat, and Muhammad represents that the kosher diet that is offered by the jail accommodates his religious beliefs. It is, however, off limits to him because he is not a follower of the Jewish faith. Muhammad would like a kosher diet or a halal diet that includes meat. Chaplain Dettmer represented to Muhammad that the rules handed down by the command staff require that Muslim inmates not be provided with kosher meals, even when the kosher diet satisfies their religious dietary requirements.

Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Nevertheless, correctional officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Moreover, the Supreme Court of the United States has long established "the general proposition that a law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993).

The Religious Land Use and Institutionalized Persons Act (RLUIPA) affords even broader protections than the First Amendment. This act prohibits governmental entities

from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *see generally Holt v. Hobbs*, 574 U.S. 352 (2015).

The Seventh Circuit has held that restricting practicing Muslims to a vegetarian or vegan diet can, depending on the beliefs of the individual, violate RLUIPA. *See Jones v. Carter*, 915 F.3d 1147 (7th Cir. 2019). Indeed, the *Jones* decision recognizes an interpretation of halal, albeit a minority one, that requires eating meat. *Id*. at 1148. It is not entirely clear whether Muhammad subscribes to that belief or would just prefer meat, but at this point he has alleged enough to state a claim under *Jones*.

That said, Muhummad has named Jail Commander David Butler as a defendant, but he does not mention him in the body of complaint. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Butler is, therefore, dismissed from this case.

For these reasons, the court:

(1) GRANTS Fatir Mu'min Muhammad leave to proceed against Sheriff David Gladieux in his official capacity for alleged violations of RLUIPA and the Free Exercise Clause of the First Amendment;

3

(2) GRANTS Fatir Mu'min Muhammad leave to proceed against Chaplain Tim Dettmer in his individual capacity for alleged violations of RLUIPA and the Free Exercise Clause of the First Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Jail Commander David Butler;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sheriff David Gladieux and Chaplain Tim Dettmer at Allen County Sheriff's Department, with a copy of this order and the complaint (ECF 1);

(5) ORDERS Allen County Sheriff's Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sheriff David Gladieux and Chaplain Tim Dettmer to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 8, 2023.

    s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT